UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB CALVIN JONES,<br><br>   Plaintiff,<br><br>   v.<br><br>GONZALEZ, et al.,<br><br>   Defendants. | No.  2:21-cv-01576-CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former county inmate currently in state custody proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently pending before the court is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 16.  Plaintiff has filed an opposition, ECF No. 18, and defendants have filed a reply, 19.  For the reasons explained in further detail below, the undersigned recommends granting defendants' motion to dismiss based on plaintiff's failure to exhaust his administrative remedies prior to filing suit.

   **I.      Factual and Procedural History**

This case is proceeding on Fourteenth Amendment excessive force claims against defendants Gonzales[1], Diaz, Edwards, Vangerwen, Brown, and Jurkiewicz based on events that

---
[1] In light of the notice of death, the court refers to this defendant by the correct spelling of his name, and will direct the Clerk of Court to so amend the docket. See ECF No. 17.

1

occurred while plaintiff was a pretrial detainee at the Shasta County Jail.[2]  ECF No. 8 at 3 (screening order).

In his complaint, plaintiff concedes that there were administrative remedies available to him at the Shasta County Jail.  ECF No. 1 at 4-6.  With respect to his first claim alleging excessive force, plaintiff checked the boxes on the form complaint indicating that he did not submit a request for administrative relief, nor did he pursue it to the highest level of administrative review.  ECF No. 1 at 4.  In explaining why he did not submit an administrative grievance, plaintiff indicated that he "had already been beaten up by these Deputys [sic] a couple of times, and feared for [his] life."  Id.  Later in the complaint, on the form for claims two and three, plaintiff checked both boxes indicating that he submitted administrative grievances to the highest level.[3]  Id. at 5-6.  However, on the same pages, plaintiff reiterates his explanation for not pursuing administrative remedies.  Id.

Defendants Brown, Edwards, Jurkiewicz, and Vangerwen filed a motion to dismiss the complaint with prejudice based on plaintiff's failure to exhaust his administrative remedies prior to filing suit.  ECF No. 16.  Defendants rely exclusively on plaintiff's complaint as evidence of his non-exhaustion.  While plaintiff acknowledges the existence of administrative remedies at the jail in his complaint, he admits in claim one that he did not file any administrative grievance concerning the use of excessive force by defendants.  ECF No. 16 at 4.  On separate pages identified as claims two and three, plaintiff checked the boxes indicating he did exhaust his administrative remedies concerning a failure to protect him and for retaliation against him.  ECF No. 16 at 5-6.  However, plaintiff then explains why he did not fully exhaust these claims.  Id.  According to defendants, plaintiff did not properly exhaust any claims in his complaint and it should therefore be dismissed.  Id.  Defendants further submit that defendant Gonzales should be

---

[2] A review of the docket indicates that the waivers of service were returned unexecuted as to defendants Diaz and Gonzales.  See ECF No. 14.  By separate order, the court directed plaintiff to provide additional information in order to serve defendant Diaz.

[3] While plaintiff labels these separate claims as a failure to protect and retaliation against him, the court notes that the only claim screened in was a Fourteenth Amendment excessive force claim against defendants.  See ECF No. 8.

dismissed with prejudice as he died before the complaint was filed. Id. at 6. Since his death preceded the lawsuit, Rule 25 of the Federal Rules of Civil Procedure does not allow for substitution of a party. Id. (citing Lacy v. Tyson, 2012 WL 4343837 (E.D. Cal. Sept. 20, 2012). Defendants filed a separate Notice of Death of defendant Gonzalez, but they did not include any death certificate. ECF No. 17.

In his opposition to the motion, plaintiff admits not utilizing the administrative grievance process at the jail as to any of his claims. ECF No. 18 at 2. He indicates that he failed to do so because he feared for his life. ECF No. 18 at 2. However, plaintiff does indicate that he reported the excessive force to the Public Defender's Office as well as the Shasta County Sheriff's Department Internal Affairs' Unit. ECF No. 18 at 2. According to plaintiff, his complaints "fell upon deaf ears." Id. at 3. Plaintiff further argues that even if he had properly exhausted his administrative remedies, there was no relief available to him. Id. Lastly, plaintiff agrees to dismiss the claim against defendant Gonzales based upon his death. Id. at 3-4.

In their reply, defendants point out that plaintiff's concession that he failed to exhaust is a valid ground for dismissal and that no exceptions apply to the exhaustion requirement in this case. ECF No. 19 at 2. Plaintiff's filing of a citizen's complaint of excessive force does not satisfy the exhaustion requirement. Id. (citing Evans v. Woodford, 2008 WL 5114653 at *2 (E.D. Cal. Dec. 4, 2008) (finding a citizen's complaint was not a part of the CDCR's administrative grievance procedure).

## II. Legal Standards

### A. 12(b)(6) Motion

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to

a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Compliance with this requirement is not achieved by satisfying the exhaustion requirement during the course of a civil action. See McKinney, 311 F.3d 1198 (9th Cir. 2002). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006).

In order to establish that the failure to exhaust was excusable, plaintiff must show that:

> '(1) the threat [of retaliation] actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.'

McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015) (citing with approval Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008)). See also Rodriguez v. County of Los Angeles, 891 F.3d 776, 794 (9th Cir. 2018) (allegations of "general and unsubstantiated fears about possible retaliation" insufficient to satisfy inmate's burden to produce evidence of something in the particular case that rendered administrative remedies effectively unavailable) (citations omitted).

### III. Analysis

In this case, the parties agree that administrative remedies were available to plaintiff while an inmate at the Shasta County Jail. Moreover, plaintiff concedes that he did not file an inmate

1  grievance about the conduct at issue in the complaint, nor exhaust his administrative remedies by
2  completing the grievance process. See Wyatt, 315 F.3d at 1120 ("A prisoner's concession to
3  nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."),
4  overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). Defendants have
5  met their burden of raising and proving the absence of exhaustion.

6  The only issue before the court is whether plaintiff is excused from exhausting these
7  administrative remedies due to the threats made against him. Construing the facts in the light
8  most favorable to plaintiff, he has sufficiently alleged that threats from jail deputies deterred him
9  from filing a grievance on the use of excessive force. He has therefore met the subjective prong
10 of McBride. Nonetheless, the undersigned concludes that plaintiff has not met his burden of
11 demonstrating that his fear of retaliation from these threats was objectively reasonable. "That is,
12 there must be some basis in the record for the district court to conclude that a reasonable prisoner
13 of ordinary firmness would have believed that the prison official's action communicated a threat
14 not to use the prison's grievance procedure and that the threatened retaliation was of sufficient
15 severity to deter a reasonable prisoner from filing a grievance." McBride, 807 F.3d at 987.
16 Plaintiff's conclusory assertions in this regard are insufficient to meet his burden to show that jail
17 officials rendered administrative remedies unavailable to him. Compare Rodriguez, 891 F.3d at
18 794 (emphasizing that there was sufficient record evidence "supporting an actual and objectively
19 reasonable fear of retaliation for filing grievances.") with Porter v. Nussle, 534 U.S. 516 (2002)
20 (rejecting a categorical exception to the exhaustion requirement for excessive force complaints
21 where the inmate alleged that prison officials subjected him to "a prolonged and sustained pattern
22 of harassment and intimidation"); and Young v. CDCR, 2012 WL 1068701 at *2 (E.D. Cal.
23 March 29, 2012) (granting defendants' motion to dismiss for failure to exhaust administrative
24 remedies where plaintiff offered only vague allegations that defendant interfered with his ability
25 to use grievance procedure). Plaintiff has not met both the subjective and objective standards for
26 being excused from exhausting his administrative remedies due to fear. See McBride, 807 F.3d at
27 987. Thus, the undersigned recommends that defendants' motion to dismiss be granted.

28 While defendants assert that the appropriate remedy is a dismissal with prejudice, the

court concludes otherwise. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69. Therefore, the undersigned recommends that plaintiff's complaint be dismissed without prejudice for failing to exhaust administrative remedies for the claims against defendants Brown, Edwards, Jurkiewicz, and Vangerwen.

As to defendant Gonzales, the evidence before the court indicates that he died on May 20, 2020, prior to the commencement of this action on September 2, 2021. See ECF No. 17. Plaintiff agrees that dismissal of defendant Gonzales is appropriate. See ECF No. 18 at 3-4. Therefore, the undersigned recommends that defendant Gonzales be dismissed with prejudice.

### IV. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Based on the face of your complaint, you did not exhaust the available administrative remedies at the Shasta County Jail before filing this lawsuit. As a result, the undersigned is recommending that defendants' motion to dismiss be granted and that your complaint be dismissed without prejudice against defendants Brown, Edwards, Jurkiewicz, and Vangerwen. The undersigned is recommending that defendant Gonzalez be dismissed with prejudice because he died before this action was filed.

If you disagree with these recommendations, you have 14 days to explain why they are not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will then review the file, including any objections, and make the final decision.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign this matter to a district court judge.
2. The Clerk of Court amend the docket to correctly identify defendant Gonzalez as Deputy Eric Gonzales.

/////

6

IT IS FURTHER RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 16) be granted based on plaintiff's failure to exhaust his administrative remedies prior to filing suit.
2. Plaintiff's complaint (ECF No. 1) be dismissed without prejudice as to defendants Brown, Edwards, Jurkiewicz, and Vangerwen.
3. Defendant Gonzales be dismissed from this action with prejudice based on the notice of death.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 2, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/jone1576.mtd.exhaust.docx