UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB CALVIN JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC GONZALES, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-01576-DAD-CKD (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 16, 20) |

Plaintiff Jacob Calvin Jones is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 20, 2022, defendants Van Gerwen, Jurkiewicz, Edwards, and Brown (collectively, "defendants") filed a motion to dismiss plaintiff's complaint on the grounds that plaintiff failed to first exhaust his administrative remedies before filing this action.  (Doc. No. 16.)  On the same day, defendants filed a notice of death of defendant Gonzales.  (Doc. No. 17.)

On November 2, 2022, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss (Doc. No. 16) be granted, that plaintiff's claims brought against those defendants be dismissed without prejudice, and that defendant Gonzales be dismissed from this action with prejudice based on the notice of his death. (Doc. No. 20 at 7.)  The findings and recommendations also noted that plaintiff had not provided

1

sufficient information to serve the only other remaining defendant, defendant Diaz. (*Id.* at 2, n.2.)[1] Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.* at 7.) After that deadline passed, on December 2, 2022, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 23.) On December 14, 2022, defendants filed a response to plaintiff's objections in which they argue that the court should strike plaintiff's objections because they were not timely filed. (Doc. No. 24 at 2.) The undersigned declines defendants' request and will consider plaintiff's untimely objections to the pending findings and recommendations.

In his objections, plaintiff merely reiterates the arguments that he had presented in opposition to defendants' motion to dismiss, namely that he had been threatened by the county jail officials and that he feared for his life. (Doc. No. 23 at 1–2.) However, the magistrate judge already addressed these arguments in the pending findings and recommendations and properly concluded that plaintiff's allegations were sufficient to satisfy the *subjective* prong of the test that courts use to determine whether to excuse an inmate's failure to exhaust administrative remedies, but that plaintiff had "not met his burden of demonstrating that his fear of retaliation from these threats was objectively reasonable." (Doc. No. 20 at 4–5.) Plaintiff's objections do not meaningfully address his failure to allege facts sufficient to satisfy the "objective" prong of the applicable standard. Moreover, the undersigned agrees with the magistrate judge's finding that "[p]laintiff's conclusory assertions [as to the objective prong] are insufficient to meet his burden to show that jail officials rendered administrative remedies unavailable to him." (*Id.* at 5.) Thus, the undersigned concludes that plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

/////

---

[1] On February 23, 2023, the assigned magistrate judge issued separate findings and recommendations recommending that defendant Diaz be dismissed from this action, without prejudice, due to plaintiff's failure effect service of process on defendant Diaz. (Doc. No. 27.) The undersigned will not address those findings and recommendations in this order, however, because, on March 6, 2023, plaintiff filed a request for judicial intervention with regard to serving defendant Diaz (Doc. No. 29), and that request remains pending before the magistrate judge.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on November 2, 2022 (Doc. No. 20) are adopted in full;

2. The motion to dismiss filed by defendants Van Gerwen, Jurkiewicz, Edwards, and Brown (Doc. No. 16) is granted;

3. Defendants Van Gerwen, Jurkiewicz, Edwards, and Brown are dismissed from this action;

4. Defendant Gonzales is also dismissed from this action;

5. The Clerk of the Court is directed to update the docket to reflect that defendants Van Gerwen, Jurkiewicz, Edwards, Brown, and Gonzales have been terminated as named defendants in this action; and

6. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **March 20, 2023**              *Dale A. Drozd*
                                                                       UNITED STATES DISTRICT JUDGE