UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB CALVIN JONES, | No.  2:21-cv-01576-DAD-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| ERIC GONZALES, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a former county inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Currently pending before the court is defendant Diaz's motion to dismiss the complaint based on plaintiff's failure to exhaust his administrative remedies prior to filing suit. ECF No. 16.  Plaintiff has not opposed the motion.  For the reasons explained in further detail below, the undersigned recommends granting defendant Diaz's motion to dismiss.

**I.     Procedural History**

This case is proceeding on a Fourteenth Amendment excessive force claim against defendant Diaz based on events occurring at the Shasta County Jail while plaintiff was a pretrial detainee.  See ECF No. 8 (screening order).  The remaining defendants were dismissed by order dated March 21, 2023.  See ECF No. 30.  Therefore, defendant Diaz is the only remaining defendant in this action.

1

1    Defendant Diaz waived service of process on September 18, 2023 and filed a motion to
2  dismiss the complaint on September 26, 2023. ECF Nos. 35-36. Plaintiff did not file an
3  opposition to the motion, but instead filed a first amended complaint without leave of court to do
4  so. ECF No. 38. Defendant Diaz filed a motion to strike the unauthorized amended complaint on
5  December 27, 2023. ECF No. 40. Out of an over abundance of caution, defendant Diaz also filed
6  a motion to dismiss the first amended complaint based on the same non-exhaustion grounds as
7  raised in the original motion to dismiss. ECF No. 39. Plaintiff has not filed an opposition to the
8  motion to dismiss the amended complaint, and the time to do so has expired.
9    The court will address these pending motions in turn.

**II.  Exhaustion of Administrative Remedies**

In his complaint, plaintiff concedes that there were administrative remedies available to him at the Shasta County Jail. ECF No. 1 at 4-6. With respect to his first claim alleging excessive force, plaintiff checked the boxes on the form complaint indicating that he did not submit a request for administrative relief, nor did he pursue it to the highest level of administrative review. ECF No. 1 at 4. Explaining his failure to submit an administrative grievance, plaintiff indicated that he "had already been beaten up by these Deputys [sic] a couple of times, and feared for [his] life." Id. Later in the complaint, on the form for claims two and three, plaintiff checked both boxes indicating that he submitted administrative grievances to the highest level.3 Id. at 5-6. However, on the same pages, plaintiff reiterates his explanation for not pursuing administrative remedies. Id.

Defendant Diaz's motion to dismiss relies exclusively on the face of the complaint itself which demonstrates not only the availability of administrative remedies, but also plaintiff's failure to fully exhaust them prior to filing this lawsuit. ECF No. 36.

**III.  Legal Standards**

**A.  12(b)(6) Motion**

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all

doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**B.     Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Compliance with this requirement is not achieved by satisfying the exhaustion requirement during the course of a civil action. See McKinney, 311 F.3d 1198 (9th Cir. 2002). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006).

> In order to establish that the failure to exhaust was excusable, plaintiff must show that:
>
> '(1) the threat [of retaliation] actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.'

McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015) (citing with approval Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008)); see also Rodriguez v. County of Los Angeles, 891 F.3d 776, 794 (9th Cir. 2018) (allegations of "general and unsubstantiated fears about possible

3

retaliation" insufficient to satisfy inmate's burden to produce evidence of something in the particular case that rendered administrative remedies effectively unavailable) (citations omitted).

**IV.     Analysis**

In this case, the parties agree that administrative remedies were available to plaintiff while an inmate at the Shasta County Jail. Moreover, plaintiff concedes that he did not file an inmate grievance about the conduct at issue in the complaint, nor exhaust his administrative remedies by completing the grievance process. See Wyatt, 315 F.3d at 1120 ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). Defendant Diaz has met his burden of raising and proving the absence of exhaustion.

Plaintiff has not opposed the motion to dismiss, and the court has already rejected plaintiff's prior argument that exhaustion should be excused based on threats made against him while an inmate at the jail. See ECF No. 20 (Findings and Recommendations); ECF No. 30 (Order Adopting Findings and Recommendations). Even liberally construing the allegations of threats made against plaintiff in the first amended complaint as new evidence in support of his defense to non-exhaustion, the court still finds no evidence suggesting that his fear of retaliation from these threats was objectively reasonable. See McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015); see also Fed. R. Civ. P. 54(b) (stating that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Therefore, the undersigned concludes that plaintiff has failed to exhaust his administrative remedies prior to filing suit against defendant Diaz.

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69. Therefore, the undersigned recommends granting defendant Diaz's motion to dismiss without prejudice.

After defendant filed his motion to dismiss, plaintiff filed a first amended complaint

without leave of court. ECF No. 38. Nor did plaintiff file a motion seeking leave to file an amended complaint as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure. As a result, defendant has moved to strike this pleading as improperly filed. ECF No. 40.

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court or with the opposing party's written consent. Leave to amend "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted). Although the allegations of a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure.

In this case, plaintiff has not met the requirements of Rule 15(a) for filing an amended complaint. Having reviewed the amended pleading, the court concludes that justice does not require leave to amend in this instance because it is clear on the face of the pleading that plaintiff has not exhausted his administrative remedies. Therefore, amendment is futile. For all these reasons, the court recommends granting defendant's motion to strike plaintiff's amended complaint. Based on this recommendation, defendant's motion to dismiss the first amended complaint is moot and should be denied.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned recommends that defendant Diaz's motion to dismiss the complaint be granted based on your failure to exhaust administrative remedies at the Shasta County Jail. Because you did not ask the court for permission to file an amended complaint or obtain defendant's consent, it is also recommended that your first amended complaint be stricken from the docket.

If you disagree with these recommendations, you may explain why they are not correct within 14 days from the date of this order. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review the file and make the final decision.

In accordance with the above, IT IS HEREBY ORDERED that the Findings and Recommendations issued on February 23, 2023 (ECF No. 27) are vacated because defendant Diaz has now been served.

IT IS FURTHER RECOMMENDED that:

1. Defendant Diaz's motion to dismiss (ECF No. 36) be granted.
2. Defendant's motion to strike plaintiff's amended complaint (ECF No. 40) be granted.
3. Plaintiff's first amended complaint (ECF No. 38) be stricken from the docket as filed in violation of Rule 15(a) of the Federal Rules of Civil Procedure.
4. Defendant's motion to dismiss the amended complaint (ECF No. 39) be denied as moot.
5. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 15, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Th/jone1576.mtd(2)