UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB CALVIN JONES, | No. 2:21-cv-01576-DAD-CKD (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| ERIC GONZALES, et al., | (Doc. Nos. 36, 39, 40, 41) |
| Defendants. | |

Plaintiff Jacob Calvin Jones is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 15, 2024, the assigned magistrate judge issued findings and recommendations recommending that: (i) defendant Diaz's motion to dismiss plaintiff's complaint (Doc. No. 36) be granted because plaintiff's failure to exhaust his administrative remedies prior to filing suit was clear on the face of his complaint; (ii) defendant Diaz's motion to strike plaintiff's unauthorized first amended complaint (Doc. No. 40) be granted; and (iii) defendant Diaz's motion to dismiss plaintiff's unauthorized first amended complaint (Doc. No. 39) be denied as having been rendered moot.[1] (Doc. No. 41.) Those findings and recommendations were served on the

---

[1] Defendant Diaz is the only remaining defendant in this action. (*See* Doc. No. 30.)

1

parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.* at 6.) On May 3, 2024, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 42.) Defendant Diaz did not file a response thereto or objections of his own.

In his objections to the pending findings and recommendations, plaintiff relies on the allegations he makes in his first amended complaint, which plaintiff filed without first obtaining leave from the court to do so. (Doc. No. 42.) In addition, even though the court had already dismissed all other defendants besides defendant Diaz from this action, plaintiff re-named those dismissed defendants in his unauthorized first amended complaint. (*Id.*) Importantly, even if the court were to permit the filing of plaintiff's first amended complaint, his allegations continue to concede that he has not exhausted his administrative remedies prior to filing suit as is required; indeed, he did not even file an inmate grievance to initiate the administrative review process. Plaintiff again argues that he is excused from exhausting his administrative remedies because "there is a real and apparent threat of lethal violence" from defendants, who used excessive force against plaintiff and berated him. (*Id.* at 2.) These arguments, however, were already addressed and rejected in the pending findings and recommendations. Moreover, the undersigned likewise addressed and rejected plaintiff's arguments in its order dismissing the other named defendants due to plaintiff's failure to exhaust his administrative remedies as to the claims brought against those defendants. Thus, plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on April 15, 2024 (Doc. No. 41) are adopted in full;

2. Defendant's motion to dismiss (Doc. No. 36) is granted, without leave to amend;

3. Defendant's motion to strike plaintiff's unauthorized first amended complaint (Doc. No. 40) is granted;

4. Plaintiff's unauthorized first amended complaint (Doc. No. 38) is hereby stricken;

5. Defendant's motion to dismiss plaintiff's unauthorized first amended complaint (Doc. No. 39) is denied as having been rendered moot by this order;

6. This action is dismissed due to plaintiff's failure to exhaust his administrative remedies prior to filing suit; and

7. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 11, 2024**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3